### N. R. SLEDGE *v.* ANNA BOONE ET AL.

1. CHANCERY PLEADING. *Bill to impeach decree. Infant.*
   An infant may, by original bill, impeach a decree improperly rendered against him.

2. SAME. *Guardian's final settlement.*
   Such a bill, which shows error in a guardian's final settlement, is not demurrable, although called a bill of review.

3. DECREE. *Day to show cause. Statutory extension of the rule.*
   Sect. 1265, Code 1871, is an extension of the chancery rule which gives time to infants, after attaining majority, to reopen certain decrees.

APPEAL from the Chancery Court of Panola County.
Hon. J. B. MORGAN, Chancellor.

The appellee, Anna Boone, a minor, with her husband, filed this bill against her guardian, the appellant, to review and

vacate the decree confirming his final settlement, for error apparent on the record, alleging that, having received ten thousand dollars from her father's estate, the income of which was sufficient to support her, the guardian spent half the principal in two years without order of court, that, soon after her marriage, he made out an erroneous account and induced her, in reliance on his honesty as her brother-in-law, to answer that it was correct, that the account and answer were then filed, and the next day a decree was rendered approving the same and discharging the guardian, and that she has since discovered that there were grave errors and omissions in the settlement.    The appellant's demurrer was overruled.

*R. H. Taylor* and *T. W. White*, for the appellant.

1. The bill of review cannot be maintained, because no error is shown on the face of the record, and there is no allegation of newly discovered facts or new matter which has arisen since the decree.    The record to be reviewed consists of the guardian's final account, the appellee's answer, and the decree.    *Iler* v. *Routh*, 3 How. 276 ; *Stark* v. *Mercer*, 3 How. 377 ; *Foy* v. *Foy*, 25 Miss. 207 ; *Handy* v. *Cobb*, 44 Miss. 699 ; *Buffington* v. *Harvey*, 95 U. S. 99.

2. The bill cannot be maintained under Code 1871, § 1265, because the final settlement was made after the ward's marriage, and her husband was fully competent to make the settlement, although she was a minor.    Code 1871, § 1218 ; Hutch. Code, p. 506, § 135 ; *Frisby* v. *Harrisson*, 30 Miss. 452.    The statute manumits the minor wife, giving her and her husband power to make all settlements with guardians or other persons having her personal estate in their hands.

3. If the bill is brought under Code 1871, § 1265 alone, it can not be filed until the infant becomes of age.    While she can maintain a bill of review at any time, she cannot attack the decree, on the ground that it does not bind her because of her infancy, until she reaches such age that the court can make a binding decree.    Otherwise she could attack the new decree for the same reason, and the court will not do a vain thing.    The cases cited in Ewell's Lead. Cas. 236, 237, 238, proceed on the idea that, as decrees giving time after majority to infants to show them unjust were based on a rule of court, and so might

have omitted that clause, the court can make the decree binding on application to reopen; and hence, those cases have no bearing on the present question, which arises under the statute.

*L. C. Balch*, for the appellees.

1. The final settlement described in the bill is in violation of the statute (Code 1871, § 1218) and erroneous. *Kilcrease* v. *Shelby*, 23 Miss. 161; *Winston* v. *McLendon*, 43 Miss. 254; *Swan* v. *Gray*, 44 Miss. 393. It is impossible to maintain the proposition that, because the ward was married, the decree binds her like an adult. *Collins* v. *Spears*, Walker, 310; *Meek* v. *Perry*, 36 Miss. 190. That only adds to minority the disability of coverture. *Moss* v. *Davidson*, 1 S. & M. 112; *Neal* v. *Wellons*, 12 S. & M. 649; *Bowers* v. *Williams*, 34 Miss. 324. 2 Dan. Ch. Prac. 1210. If the husband had joined the wife in her answer it would not alter this. When *Frisby* v. *Harrisson*, 30 Miss. 452, cited by opposing counsel, was decided, the husband owned the wife's personalty, which the present statute secures to her. The court must protect the minor. *Sullivan* v. *Blackwell*, 28 Miss. 737. She was incompetent to admit the correctness of the account, and the decree based on her answer is erroneous.

2. If, however, the statute regulating guardians' final settlements had been literally followed, Mrs. Boone, because of her minority, could reopen the decree under Code 1871, § 1265. It is unnecessary for her to wait until she attains full age. The objection that the court will not reopen the decree because a second decree could be impeached in like manner, applies with equal force to the first decree. Ewell's Lead. Cas. 236, 237, 238. The rule, however, is that the second decree binds the infant. Great injury may result to the minor if she must wait so long before suing, owing to insolvencies, the death of witnesses, and the other accidents of life.

CAMPBELL, J., delivered the opinion of the court.

By Code 1871, § 1265, no decree affecting the interest of a minor is conclusive until one year after the minor shall attain full age. This is an extension of the established rule of Chancery Courts in certain decrees against infants, before the statute. It is the doctrine of the authorities that

where an improper decree has been made against an infant, it may be impeached by original bill, and that the infant need not wait until attaining full age, but may apply to open the decree as soon as he thinks fit. Story Eq. Pl. § 427; 1 Dan. Ch. Prac. 153, 167, 168; *Bennet* v. *Lee*, 2 Atk. 487; s. c. Id. 529; *Savage* v. *Carroll*, 1 Ball & B. 548; s. c. 2 Ball & B. 444. The bill in this case, although called a bill of review, is to be treated as a bill by an infant to open an improper decree prejudicial to her interests in favor of her late guardian. The bill shows error in the settlement. The demurrer admits it, and was properly overruled.                    *Decree affirmed.*