## Melissa McLemore et al. *v.* Chicago, St. Louis, and New Orleans Railroad Company.

1. CHANCERY PRACTICE. *Saving in decree against infants. Rule as to new defence.*

Art. 97, p. 555, of the Code of 1857 was intended as a substitute for the rule in chancery courts to insert, in decrees affecting the inheritance of infant defendants, a saving in the following words: "And this decree is to be binding on the defendants unless, on being served with subpœna, they shall, within six months after they shall attain the age of twenty-one, show unto this court good cause to the contrary." By the practice established under this rule, if the infant defendant is dissatisfied with the defence which has been made for him, and wishes to make a new defence, he must, in general, wait until he has attained the age of twenty-one years; but, upon special circumstances shown, he may obtain leave to make a new defence during his infancy, and in such case, in order to bind him by the decree to be made, he will be treated as a complainant and be bound accordingly, with no right to show cause against the second decree. But if such infant defendant wishes to impeach the decree on the ground of fraud, collusion, or error, he may proceed by original bill, without waiting to attain his majority.

2. SAME.  *Decree against infant.  Saving under Code of 1857.*

A decree under art. 97, p. 555, of the Code of 1857, for the sale or convey-
ance of the real estate of an infant, to which the saving provided in that
article applied, may be assailed by the infant, upon cause shown, at any time
within three years after he attains the age of twenty-one years, unless he be
summoned, or served with a copy of the decree, within six months after he
attains the age of twenty-one years, by the party interested in concluding him,
in which case he is then compelled to show cause against the decree or be
thereafter bound by it.  Although the decree is final in form, and may be
executed by a sale or conveyance, yet the rights of the complainant and the
purchaser of the real estate, or any claimant or holder under the latter, are
subject to the contingent character of the decree, which is liable to have good
cause shown against it by the infant within the time allowed by the statute.
And no absolute title under such decree can be acquired until the decree has
become binding on the infant by his failure to avail of the statutory saving in
his favor.

3. SAME.  *Saving in decree against infant.  Proper parties to proceeding by him.*

In those cases where an infant has the right to show cause against a decree, un-
der art. 97, p. 555, of the Code of 1857, for the sale or conveyance of his
real estate, if he proceeds to impeach it, he must not only make the com-
plainants therein parties defendant to his proceeding, but must also make him
who holds the real estate under the decree a party.  And if the infant should,
by a proceeding to which such holder is not a party, obtain a decree annul-
ling and vacating the decree for the sale or conveyance of his real estate, the
second decree would be, as to the holder of the property, *res inter alios acta.*

4. PENDENTE LITE.  *Purchaser of infant's land.  Decree with a saving.*

The purchaser under a decree for the sale of an infant's real estate, in a case
where art. 97, p. 555, of the Code of 1857 makes a saving in favor of the
infant, is not a purchaser *pendente lite,* and, as such, bound by any decree
rendered in a subsequent controversy as to the same property between the
original parties.  After the rendition of the decree for sale or conveyance, the
suit is no longer pending.  Such decree, when rendered, is final in effect as
well as in form, though subject to the right of the infant, after he attains the
age of twenty-one years, to impeach it by a proceeding for that purpose within
the limitation of the statutory saving.

5. DECREE.  *Failure to appoint guardian ad litem.  Effect collaterally.*

The failure of the court to appoint a guardian *ad litem* for an infant, in a suit
for the sale of his real estate, is such an error as does not render the final
decree therein absolutely void, and therefore it cannot be attacked in a
collateral proceeding by the infant.

ERROR to the Circuit Court of Yalobusha County.

Hon. J. W. C. WATSON, Judge.

This is an action of ejectment, brought on the 11th of
November, 1879, by Melissa McLemore and others against the

Chicago, St. Louis, and New Orleans Railroad Company, to recover "lot No. 2, in block J, in the city of Water Valley." The judgment was for the defendant, and the plaintiffs sued out a writ of error. The questions presented by the case and the facts in relation thereto, as contained in the record, are sufficiently stated in the opinion of the court.

As the construction of art. 97, p. 555, of the Code of 1857 is involved in the consideration of the rights of the parties, that article is here set forth : "When a decree shall be made for the sale or conveyance of the real estate of an infant, such decree shall be binding on the infant, unless within three years after attaining the age of twenty-one years, or unless, being summoned for that purpose, or served with a copy of the decree, he shall, within six months after attaining said age, show to the court good cause to the contrary ; but such saving shall not extend to cases where the real estate of any infant shall be sold for the payment of the debts of any person deceased from whom such infant derived the estate as heir or devisee."

*Williams & Fly* and *Fitz Gerald & Whitfield*, for the plaintiffs in error.

1. The court below erred in admitting the record in the first case, because it contained no order of the Chancery Court appointing a guardian *ad litem* for the minors, and because it did not contain the decree *pro confesso*.

The decree in the first place recites that it was made upon the bill, answer of guardian *ad litem*, decree *pro confesso*, etc. ; but that will not do. In that case the whole record ought to have been produced. The adjudication of the subject-matter between the parties in another tribunal was the proof sought to be made by the defendant to defeat the plaintiff in ejectment ; therefore the whole matter in question ought to have been produced. 4 Com. Dig., tit. "Evidence," A, 4 ; 1 Greenl. on Ev. (13th ed.), sect. 511 ; 1 How. 53 ; 2 How. 820 ; 7 How. 99 ; 5 Smed. & M. 782 ; 44 Miss. 2 ; 35 Miss. 606.

2. The record introduced by the plaintiffs certainly ought to

have been admitted to counteract the admission of the first. The parties proceeded for a rehearing under sect. 1265, Code of 1871, and the Chancery Court had full power to grant the rehearing and cancel the commissioner's deed.

Where a court has jurisdiction, its judgment or decree cannot be attacked collaterally.

3. Under no view of the case can it be successfully maintained that the plaintiffs, in their proceedings to vacate the Goode decree, ought to have given the defendants below notice. The defendant herein was not a defendant in that cause, nor was the defendant even holding under Goode by a recorded chain of title. The deed from Goode to the Water Valley Manufacturing Company was never recorded.

It is clearly not the duty of infants, in showing cause why a decree rendered against them should be reheard and set aside, to go beyond the record of the case.

4. The decree of Goode against the plaintiffs and others was not final as to the plaintiffs, because they were minors at the time of its rendition; and it was pending in court when their petition for a rehearing was filed. Code 1871, sect. 1265; 51 Miss. 881; Dan. Ch. Pr. (2d Am. ed.) 1247.

5. A decree in chancery binds a purchaser of property pending the suit, without his being made a party. Therefore the decree vacating Goode's title is a condemnation of the title of all who claimed under him pending the suit. *Shotwell* v. *Lawson*, 1 Geo. 27.

6. Art. 97, p. 555, Code of 1857, is more favorable to the infant than art. 36, p. 546, adjudicated in 51 Miss. 881, is to non-residents. The latter only provides that the decree against a non-resident shall not be final, while the former provides that a decree against an infant shall not be binding if the infant shall show cause to the contrary within the time allowed. Hence a decree against an infant is only a decree *nisi*.

*W. P. & J. B. Harris*, for the defendant in error.

The decree in the case of Goode against Burford and others

was properly admitted in evidence. It was not absolutely void, and cannot be attacked in this proceeding for invalidity. *Cocks* v. *Simmons*, 57 Miss. 183; *Sivley* v. *Summers*, 57 Miss. 712.

We take the bill to be an original bill for relief, the object of which was to have a decree set aside, a deed under which title was held set aside, and also to establish title in the complainants as against the heirs of Carr, who were made parties to it.    23 Ill. 43 ; 41 Ill. 172.    The decree was impeached as a decree obtained without notice.    It was not filed against the complainants in the former suit alone.    It did not seek a rehearing.    Code 1871, sect. 1265.    It is not filed as a bill by infants only ; the widow and adult heirs of McLemore are joined.    The widow never had the right to issue the decree or avoid it, except for want of notice ; and some of the adult heirs had lost their privilege of infancy because, of necessity, some of them must have arrived at maturity more than a year previous to the filing of the bill.    If sect. 1265, Code of 1871, applies, the limitation of one year cut off some of the adults, because they could not all come of age in one year.    *Jacks* v. *Bridewell*, 51 Miss. 881.    There were three of them adults.

A settled rule of evidence excluded the last decree as evidence to affect the defendant.    If it was admissible at all it was admissible as *res adjudicata*, and it did not possess that character.    It was sought below to give it that character, and that is the point made here in the brief filed by counsel ; that is to say, the decree was evidence against the defendant, because, though not a party in fact, he was so constructively, as one acquiring title to property in litigation from a litigant pending the litigation, insisting that the first suit was pending during the minority of the infant defendants to it.    It would be the most extraordinary application of the doctrine of *lis pendens* to apply it to such a case as this one.

The position of counsel that the last record is part of the first, in the sense that proceedings on review, by appeal or bill of review, or as supplemental proceedings on rehearing, would

not aid him as to executed decrees, and this is one ; but the bill here has no more connection with the former than does any other original bill to vacate a decree for fraud or want of notice.

A decree against infants is final, in the sense that an appeal or writ of error will lie.   It ends the controversy.   In this case the decree against the minors passed, and it was executed by a judicial transfer of the title in question.   The doctrine of *lis pendens* is inapplicable to such case.   It was a determination of the cause, and operative while the decree stood.

The fact that a party acquired title with notice of an infirmity, or an alleged infirmity, in its source, constitutes no reason for not making him a party to proceedings assailing his title.   Nor does the fact that he bought a title subject to a contingency — a possible reopening of a decree — debar him from claiming the right to be heard in court to assert and maintain his rights.

The admissibility of the record of the suit by the widow and heirs of McLemore as evidence in the action below cannot be maintained on the ground that the company defendant was affected with notice of the nature of the decree in the first suit as a link in its chain of title.

CAMPBELL, J., delivered the opinion of the court.

The defendant held the land by successive conveyances under Joseph T. Goode, who in 1867 had obtained a decree of the Chancery Court of Yalobusha County appointing a commissioner to convey to him all the title and interest of the widow and children of S. B. McLemore, deceased, and had received such conveyance by the commissioner in pursuance of the decree.   The plaintiffs claimed to recover the land as the widow and heirs of S. B. McLemore, and sought to defeat the foundation of the claim of the defendant, which was the decree mentioned, by evidence of a bill exhibited by them in the court in which said decree was rendered, to vacate and annul it, and a decree obtained in September, 1879, to vacate and

set aside said former decree.    This evidence was excluded by the court, and that presents the question for decision.

The bill of Goode, which resulted in a decree in 1867, as stated above, was exhibited against W. H. Burford, and the widow and child of one Trapp, and the widow and children of S. B. McLemore, deceased, and the children of one Carr, deceased.    In 1879 the widow and children of S. B. McLemore exhibited their bill in the Chancery Court of Yalobusha County, in which the widow and three of the children are described as adults, and four of the children are described as minors, and by which the material averments of Goode's bill are negatived ; and it is averred that at the time of the decree in Goode's favor all of the said children of McLemore were minors, and that they had no sufficient notice of the suit, and they prayed process against Goode, the complainant in the first suit, and the widow and child of Trapp, and the children of Carr, deceased, and for a decree " reviewing, reversing, and cancelling the final decree and commissioner's deed " obtained by Goode in his suit.    On the 25th of September, 1879, a decree was rendered in accordance with this prayer.    The deed of the commissioner under the decree to Goode was made in 1867, and a few days thereafter he conveyed the land to the Water Valley Manufacturing Company, which had conveyed it in 1866 to the Mississippi Central Railroad Company, which subsequently conveyed to the defendant in this action.

It is apparent from the foregoing narrative that the admissibility in evidence of the decree rendered in 1879, vacating the decree made in 1867, on which the title of the defendant rests, depends on the solution of the question whether or not said defendant, as the holder of the title to the land in the manner stated, was concluded by the decree made in 1879, without having been made a party to the proceeding which resulted in that decree.    The proper answer to this question involves a consideration of the nature and effect of decrees " for the sale or conveyance of the real estate of an infant " in those cases in which, by art. 97, p. 555, of the Code of 1857, a saving

was made, and the position and rights of a holder of real estate under such sale or conveyance when made, and the mode in which an infant may assail such a decree.

Decrees against infants, as to which the statute makes the saving mentioned, are subject to the contingency specified by the statute. They are liable to assailment by the infant at any time within three years after he attains the age of twenty-one years. The party interested in concluding the infant defendant at an earlier day may, within six months after he attains the age of twenty-one years, summon him to appear and show cause against the decree, or serve him with a copy of it. If this is not done, the infant defendant has three years after his majority in which to show cause against the decree.

Until the decree is binding on the infant, it may be assailed by him and cause shown against it. The complainant, and all who hold the real estate under him, hold subject to the contingent character of the decree, and liable to have good cause to the contrary shown, by the infant defendant, according to the saving in his favor by the statute. Although the decree is final in form, and the sale or conveyance may be made as it directs, it is subject to the right reserved by law to the infant to show cause to the contrary.

It is clear, therefore, that an absolute title cannot be acquired under a decree for the sale or conveyance of the real estate of an infant, in those cases in which a saving is made in his favor, until such decree shall be binding on the infant, as shown above. The decree may be executed, and a sale or conveyance be made as directed, but the right of the infant to show to the court good cause to the contrary of the decree is secured by the statute, and all are bound to take notice of it and the character it impresses on the decrees to which it applies.

A more difficult inquiry is presented by the effort to ascertain in what way the right of the infant defendant to show to the court cause to the contrary of the decree may be exercised, and whether one who holds the real estate under a sale or conveyance made by virtue of a decree for its sale or conveyance

is entitled to be made a party to the proceeding by an infant defendant to show to the court cause to the contrary of such decree.

The statute cited was intended as a substitute for the rule in chancery courts to insert in decrees affecting the inheritance of infant defendants a saving in the following words, viz. : "And this decree is to be binding on the defendants unless, on being served with subpœna, they shall, within six months after they shall attain the age of twenty-one, show unto this court good cause to the contrary."

Under such a decree the practice was to serve the late infant with a subpœna to show cause, and if he failed to appear or to show cause against the decree it was made absolute. If he appeared, he might defend and show the decree to be wrong.

When the infant defendant might come into court to impeach a decree against him, and how he might proceed, and exactly what his right and remedy were, seem not to have been very well settled in England at a comparatively recent date. The precedents on this subject are very few, and the learning afforded by reports and text-books is meagre, fragmentary, and by no means satisfactory.

In *Kelsall* v. *Kelsall*, 2 Myl. & K. 409, Lord Chancellor Brougham, after stating the question before him to be " whether an infant defendant has a right, on attaining his majority, to make a new case by answer and evidence, after publication has passed and a decree has been made in the cause," said : " This is a question of some importance, and certainly of rare occurrence," etc. ; and he proceeded to discuss the proper limits of the right, which he declared to exist, and exhibited hesitation as to the proper practice in such cases. He declared his readiness to follow " any trace of a precedent " to obviate the injustice, as he called it, arising from permitting the late infant to mend his case. Long before this Lord Hardwicke had struggled with the difficulties of the question, and delivered one of his most elaborate judgments in *Bennet*

v. *Lee,* 2 Atk. 529, holding that after infants come of age they have a right to put in a new answer and make a better defence, and that before they come of age they may have leave to do so, upon a showing of special circumstances suffi-cient, in the opinion of the chancellor, to justify such leave. The hesitation to permit the infant to make a new defence before he arrived at his majority arose from the suggestion of the inconvenience of such a privilege ; since, as often as a decree was made against the infant, he might with as much reason " make similar applications, and so occasion infinite vexa-tion."

In *Savage* v. *Carroll,* 1 Ball & B. 548, the infant, be-fore he attained his majority, was allowed to amend the answer filed in his behalf to the original bill, or to put in a new answer thereto, with liberty to both parties " to proceed on such amended or new answer, as they may be advised." Lord Chancellor Brougham, in *Kelsall* v. *Kelsall,* said that the doc-trine was carried in this case " two steps further than the authorities in strictness warrant."

In the same case ( *Savage* v. *Carroll* ) as reported in 2 Ball & B. *445, which was not adverted to by Lord Brougham in *Kelsall* v. *Kelsall,* it was declared that the infant, having been allowed to go into a new defence before he became twenty-one years of age, should not have a day to show cause against such decree as might be rendered in that proceeding, but in it should be considered as a plaintiff, and, as such, as much bound by the decree as if he were adult.   And thus the doctrine was left by the cases in chancery in England and Ire-land.   See also 1 Dan. Ch. Pr. 165 *et seq*.

A summary of it is, that if the infant defendant is dissatis-fied with the defence which has been made for him, and wishes to make a new one, he must, in general, wait till he has attained twenty-one before he applies ; but upon special cir cumstances shown he may obtain leave to make a new defence during his infancy, and in such case, in order to bind him by the decree to be made, he will be treated as a plaintiff and be

bound accordingly, without a right to show cause against the second decree.

But it was the settled doctrine of the chancery courts that if the infant sought to impeach a decree on the ground of fraud, collusion, or error, he was not required to wait until he attained his majority, and might proceed by "original bill, in which it will be enough for him to say the decree was obtained by fraud and collusion, or that no day was given him to show cause against it." *Richmond* v. *Tayleur*, 1 P. Wms. 737; 1 Dan. Ch. Pr. (5th ed.) 164, and authorities cited in note; *Sledge* v. *Boone*, 57 Miss. 222; *Enochs* v. *Harrelson*, 57 Miss. 465. See also *Smith* v. *Bradley*, 6 Smed. & M. 485, as to what the right of the infant was.

Such were the rights of infant defendants in chancery, which review is presented as bearing on the question, what is their position under the statute we are considering, for we have said that the statute is a substitute for the chancery rule.

Independent of the statute, it was the doctrine that the infant, desiring to impeach the decree for fraud, collusion, or error, might proceed by bill of review, or supplemental bill in the nature of a bill of review, or by original bill; and in case of a decree *nisi causa* against an infant, on his coming of age and applying to the court for leave to put in a new answer, it was granted on his *ex parte* application, in the case of *Fountain* v. *Caine*, 1 P. Wms. 504. See also *Napier* v. *Effingham*, 2 P. Wms. 401. In 1 Daniell's Chancery Practice, p. 174, it is said that the present practice is believed to be different, and that the motion or petition will be for leave to make a new defence; but the text gives no information as to whether notice of such motion or petition is required to be given to anybody.

We are, like Lord Chancellor Brougham in *Kelsall* v. *Kelsall*, in quest of a "trace of a precedent" for obviating the injustice which may arise from permitting a late infant to exercise his right under our statute to show cause to the contrary of a decree which has been carried into effect accord-

ing to its terms, without making a party to his proceeding one who has acquired and holds the real estate decreed to be sold or conveyed.

In *Pope* v. *Lemaster*, 5 Litt. 77, a case strongly resembling that made by Goode's bill and the bill of the widow and children to set aside the decree made in favor of Goode, the decree was executed by the conveyance of commissioners to the complainant in pursuance of the decree, and the purchaser from the grantee in that conveyance was made a party defendant to the proceeding to vacate the decree. The case is valuable as showing the nature of a decree against infants with a saving in their favor, and the principles on which the court will proceed in setting aside the decree when the late infant shows cause against it, and as illustrating the propriety of making the holder of title under the original decree a party to the proceeding to vacate it.

In *Walker* v. *Page*, 21 Gratt. 636, land of infants was sold in pursuance of a decree with respect to which there was a saving in favor of the infants, who, having attained majority, exhibited their bill to vacate the decree, and the purchaser under the decree was made defendant.

In *Field* v. *Williamson*, 4 Sandf. Ch. 613, it is said that the provision in a decree in favor of an infant's right to show cause against it does not confer on him the right to assail the decree in any mode that he pleases, without regard to the course of practice pursued by adult defendants. "He cannot show cause except in some regular proceeding adapted to the nature of the case, and in order to institute such proceeding he must first obtain the leave and direction of the court. Not that the court, in a case of any doubt, would refuse leave, but that there is a sound judgment and discretion to be exercised in each instance, both as to the probable cause for granting leave and the most expedient mode of effecting the object."

In *Ruby* v. *Strother*, 11 Mo. 417, where a decree had been rendered against infants, who, on coming of age, instituted proceedings to set it aside, it was held that notice to the other

parties to the decree was necessary. The court said : "As the parties, appellees, were all out of court, proceedings against them without notice could not be had without violating the first principles of justice."

To this we agree, and we hold that when a decree has been made for the sale or conveyance of the real estate of an infant in those cases in which he has the right to show cause against the decree, and a sale or conveyance is made under it, and the infant proceeds to impeach it, he must make a party to his proceeding him who holds the real estate under the decree.

It is a primary rule as to parties, that one interested in the subject-matter and the object of the suit is a necessary party defendant.

The constant practice in this State is to sell or convey land decreed to be sold or conveyed, although the defendants, or some of them, are infants at the time of the decree. The execution of such decrees is not delayed until they become binding upon the infants, but they are usually proceeded with as in case of decrees against adults. More than twenty years may elapse, in some cases, before the decree is binding on the infant defendants. The real estate may have changed owners many times. The complainant in the decree for the sale or conveyance may have dismissed from his mind the existence of such decree, with the conveyance of the title he obtained under it. He may have been long " out of court " with respect to that case, and may have no interest in the question whether the decree for sale or conveyance shall be maintained or vacated. A third person may have purchased at a sale under such decree ; the complainant may have received his money, and have no interest in the maintenance of the decree for sale.

It would be contrary to the first principles of justice as judicially administered to permit a late infant to vacate the decree, which had been executed according to its terms, and which had thereby become the foundation of the claim of others to the real estate sold or conveyed, without summoning

such others, to give them an opportunity to uphold the decree which is the foundation of their claim.  The late infant may impeach the decree, but he must do it in such manner as to afford an opportunity to the real party in interest to maintain the decree.   This secures the legal right of the infant defendant and avoids injustice to his real adversary.   If the decree against the infant, made when he was deemed incapable of properly defending his right, was wrongly made, it should be set aside, upon an ascertainment of that fact, in a contest with the party really interested to show that it was rightly made. If he who is thus interested can maintain it, justice is done by enabling him to do so.

In case of a bill of review, where property the subject of the decree has changed owners, the new owner is required to be made a party to the bill.   2 Dan. Ch. Pr. 1581 ; Story's Eq. Pl., sect. 420.

We dissent from the view that he who purchases under a decree for the sale of the real estate of an infant, where the statute makes a saving in his favor, is a purchaser *pendente lite*, and bound by any decree rendered in a subsequent controversy between the original parties.   After the decree for sale or conveyance, the suit is no longer pending.   The decree is final in form and in effect, but subject to the right of the infant, after he attains to the age of twenty-one years, to impeach it by a proceeding instituted by him for that purpose. If he shall not show cause to the contrary, it is binding ; not because of a new decree to render the first absolute, but by virtue of the decree not having had cause to the contrary shown by him who had the right to do so, if he could.   If the late infant does not act within the time given him to attack the decree, it stands unaffected by the fact of his infancy when it was made.

We think it is clear that the decree made on the bill of the widow and children of McLemore was not decisive of the rights of the defendant in this action, who was not made a party to that suit ; that as to this defendant that decree is *res inter alios*

*acta*, and it was properly excluded as evidence in this action. The objection made to the decree in the case of Goode, in 1867, as evidence, because of the absence of an order appointing a guardian *ad litem*, and of a decree *pro confesso*, was properly overruled. The failure to appoint such guardian was simply error, and not available collaterally. *Smith* v. *Bradley*, 6 Smed. & M. 485; *Cocks* v. *Simmons*, 57 Miss. 183.

Judgment affirmed.