## C. W. JOHNS ET AL. *v.* G. W. HARPER ET AL.

INFANT. *Decree. Bill to impeach.*

A decree, rendered in an infant's favor on a bill filed in his name by next friend, cannot, in the absence of fraud, be re-opened by the infant, whether real or personal estate is involved. *Sledge* v. *Boone*, 57 Miss. 222, distinguished.

APPEAL from the Chancery Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

This was an original bill in the nature of a bill of review, filed on November 29, 1881, by the appellants, minors, by their next friend, against G. W. Harper, J. E. Smith, and Alfred Johns. The appeal is from a decree sustaining demurrers to the bill. Its statements were that these infants owned the land in controversy, their mother, who is their next friend, being trustee; that neither she nor they had any means but the land, which was forfeited for non-payment of taxes, part in 1875 and the rest in March, 1876, and subsequently the State's titles were purchased by J. E. Smith, who compelled the trustee to enter into a contract to redeem the land by paying a sum greater than the taxes, damages and costs; that J. E. Smith, under this agreement, went into possession of the land, collected the rents, and made some improvments, when the minors, by Alfred Johns, as next friend, filed a bill to redeem the land in the manner most to their interest, either by paying the contract price, or by refunding the taxes according to the statutes of the State, regardless of the contract, and to have enough of the land sold to pay for the remainder; that an appeal was taken from a decree dismissing the bill upon a demurrer filed by the defendant,

J. E. Smith, and the supreme court, on the facts stated in the opinion in *Johns* v. *Smith*, 56 Miss. 727, reversed the decision and remanded the case with instructions to the Chancellor to elect, after inquiry, which course the infants should take, and order a sale of enough land to secure their rights; that at the final hearing the chancery court decreed that it would be more beneficial to the infants to redeem by repaying the money expended for taxes and improvements, and ordered part of the land sold for this purpose; that about one-third of the land was sold to G. W. Harper and J. E. Smith, and enough money was thus realized to redeem the rest of the tract; that the sale was confirmed on February 17, 1880, by a decree, which declared that J. E. Smith was fully paid, and directed a conveyance of the remaining land to the complainants; but that although the sum which they were decreed to pay as redemption money, and which was accordingly paid to J. E. Smith from the proceeds of the sale, was less than the amount specified in the contract, it was reached by agreement between the solicitors of the respective parties to the proceeding, and not by a report of the commissioner to whom the matter was referred for computation; that the tax titles were void, and this fact was omitted from the statements of the redemption bill by mistake or by collusion between their next friend, Alfred Johns, and J. E. Smith, the defendant. The prayer was that the decree should be set aside, the deeds to Harper and Smith canceled, and an account taken of rents and profits; that the contract, with both tax deeds, should be vacated, and that the infants should be restored to their original rights.

*Wells & Williamson*, for the appellants.

If the person who acts as the next friend of an infant fails to lay his case properly before the court through collusion or mistake, a new bill can be filed in the infant's behalf. Story Eq. Pl., § 59. And where persons acting on behalf of infant complainants make admissions, which the infants ought not to have been called upon to make, the court will not permit the infants to be prejudiced. *Serle* v. *St. Eloy*, 2 P. Wms. 386; *Sledge* v. *Boone*, 57 Miss. 222; *Enochs* v. *Harrelson*, 57 Miss. 465; *Mayo* v. *Clancy*, 57 Miss. 674; *Mc-*

*Lemore* v. *Chicago Railroad Co.*, 58 Miss. 514; *Norris* v. *Callahan*, 59 Miss. 140; *Becton* v. *Becton*, 3 Jones (N. C.) Eq. 419; *Mills* v. *Dennis*, Ewell's Lead. Cas. 229, 236; Dan. Ch. Prac. 73, 74; Code 1871, § 1265. The demurrers admit the facts alleged in the bill, that the lands were never forfeited to the State, that there were no delinquent taxes, and that Smith had no interest in them. Upon the reverse of these allegations this court on the former appeal, in *Johns* v. *Smith*, 56 Miss. 727, decreed that Smith was entitled to receive back the money he had paid as taxes, and to hold the rents, and be paid for his valuable improvements. If, as charged in this bill, that state of facts did not exist, the former decision must be altered. Settlement by treaty of the sum due was clearly wrong. It was necessary for the commissioner to report. But the tax titles were void, and nothing was due the holder of them. Code 1871, § 1719. The decree should be set aside, and the infants' rights established.

*F. A. R. Wharton*, for the appellee, G. W. Harper.

The matters sought to be reviewed were fully considered and adjudicated by this court in the case of *Johns* v. *Smith*, 56 Miss. 727. Nothing new is stated in the present bill, and even if the former decision was wrong, it is conclusive in this case. *Swan* v. *Smith*, 58 Miss. 875. Infants when they obtain decrees by their next friends are bound like adults. *Cocks* v. *Simmons*, 57 Miss. 183. But if the original record is reviewed, there is no error to be found in it. No injury resulted from the mode adopted in stating the account, and it follows that this is immaterial. *Pittman* v. *Lamb*, 53 Miss. 594; *Hester* v. *Thomson*, 58 Miss. 108. The fact that the tax titles are void is unimportant, because the purchaser of a void tax deed can charge the land with the taxes. The bill does not show error in law upon the face of the decree which it seeks to review, nor set forth new matter discovered since the decree was made, and the demurrers were for this reason properly sustained. Story Eq. Pl., § 404. If their *prochein ami*, in the former case, was guilty of fraud, he alone is liable. Story Eq. Pl., § 426. This is the first attempt by parties in this State to review a decree in their favor made in accordance with the prayer of their

bill, and it deserves no greater consideration because its effect will be to interfere with a *bona fide* purchaser at a judicial sale. *Cole* v. *Johnson,* 53 Miss. 94.

*E. E. Baldwin,* for the appellee, J. E. Smith.

This bill, which covers the matters decided on the appeal in the case of *Johns* v. *Smith,* 56 Miss. 727, charges collusion, but in a very mild way. It appears in the record of the case sought to be reviewed that the Chancellor selected the payment of the taxes as the most advantageous course for the infants. The tax liens bound the land, as this court correctly held, and there was no way to avoid discharging the debt. Invalidity of the tax titles has nothing to do with the question. The liens exist, and passed to the person who purchased at the tax sales. As the sum which the minors were ordered to pay is correct, it is unimportant that the expense of a reference was omitted. In fact, there is nothing in this bill which was not actually decided in the former case except the statement that the tax titles are void. Manifestly this could have been adjudicated under the first bill, and, therefore, it is not a proper subject for a bill of review. *Stewart* v. *Stebbins,* 30 Miss. 66; *Moody* v. *Harper,* 38 Miss. 599. But if their invalidity had been established in the former case, the decree would have been the same.

CHALMERS, J., delivered the opinion of the court.

We have had several occasions to consider the question as to how far decrees in chancery are binding upon minor defendants and to lay down the law as to the right of such defendants to re-open them. *Sledge* v. *Boone,* 57 Miss. 222; *McLemore* v. *Chicago Railroad Co.,* 58 Miss. 514. The present case involves the question as to the effect of a decree procured by minor complainants in their own favor upon a bill filed in their names by a *prochein ami.* The general rule is that such decrees are as binding upon them as if they were adults, and we know of no case holding otherwise where personalty alone was involved. It is said, in a few cases, however, that where the infant's realty is involved, and there has been any mistake, fraud, collusion, or misstatement of his rights by his *prochein ami,* a minor complainant who has ob-

10

tained by the decree less than he was entitled to, or has had decree rendered against him, may re-open and vacate the decree just as if he had been a defendant. In support of this doctrine, the case of *Napier* v. *Effingham*, 2 P. Wms. 401, is generally cited; but this case, as shown in Ewell's Leading Cases, fails to support the doctrine, since in that case it was a decree upon a cross-bill interposed against the infant, that he was allowed to re-open, and not a decree rendered upon his own bill. *Mills* v. *Dennis*, Ewell's Lead. Cas. 229, 236; Dan. Ch. Prac. 72, 73; 2 Madd. Ch. Prac. 461. The Supreme Court of Texas in the case of *Cannon* v. *Hemphill*, 7 Texas 184, repudiates the idea that in this country there is any difference in the legal effect of a decree rendered in an infant's favor whether it involve personalty or realty, and declares that if the case be free from fraud and collusion an infant complainant is as much bound by a decree in his favor in the case of realty as of personalty, and this seems to us correct. The allegations of the bill clearly negative the idea of collusion between the *prochein ami* and any of the defendants, and demonstrate the perfect good faith of the former litigation which is here sought to be avoided.

*Affirmed.*