W. D. Finney, non compos mentis, *v.* Frederick Speed, Trustee, et al.

1. Appeal. *Limitation. Plea. Disability; removal of.*

> Where the proceedings in a cause show that a party is *non compos mentis,* and he appeals from a decree therein, a plea of the statute of limitations, in bar of the appeal, is not good, which fails to aver subsequent removal of the disability, and the lapse of the requisite period after such removal, before suit.

2. SAME.   *Appeal by guardian of non compos.   Limitation.*

> An appeal by the guardian or next friend of a person of unsound mind
> is within the saving of the statute of limitations.   Such appeal is that
> of the *non compos mentis*, though taken by his representative.

FROM the chancery court of Warren county.

HON. UPTON M. YOUNG, Chancellor.

A decree was rendered in this case in the court below on May 13, 1879, directing the sale of certain lands for partition. The lands were sold, pursuant thereto, July 7, and, on November 5, 1879, a decree was rendered, confirming the sale. On July 17, 1893, W. D. Finney, one of the defendants in said cause, by F. W. Little, as guardian and next friend, filed a petition, averring that at the time of the rendition of said decree of sale, and the confirmation thereof, he was and still is insane, and he prayed and obtained an appeal. Said appeal was perfected, and a transcript of the record was filed herein and errors were assigned. Thereupon, the appellees filed the following plea in bar of said appeal: "Now comes the said appellees, by counsel, and for answer to appellee's assignment of errors, say that the appellant ought not to have or maintain his appeal herein, because they say that the final decree appealed from was rendered May 13, 1879, and the appeal therefrom was not taken within two years next after."

The appellant demurred to this plea, assigning for cause its insufficiency in law, in this, that the bill and the decree appealed from showed that at the time of the institution of the suit, and when the decree was rendered, the appellant, Finney, was *non compos mentis*, and it is not averred that his disability had been removed.

*Southworth, Paxton & Stevens, J. M. Gibson*, and *Calhoon & Green*, for appellant.

The statute gives the person *non compos mentis* three years after the removal of disability in which to appeal. It cannot be successfully contended that he cannot appeal before it

is removed, yet this is practically the argument of adverse counsel.

It is true, the appeal is taken by next friend, but still it is by Finney. Persons *non compos mentis* are special objects of the consideration and guardianship of the courts, and their rights will be considered and protected whenever brought to attention.

*M. Marshall,* for appellees.

1. Assuming that the statute of limitations in force at the time the decree was rendered applies, the case is governed by §§ 2156, 2161, code 1871. There is no natural right saving from the statute of limitations those under disability. The saving arises only from an express statutory provision. In the absence of such, the statute would run against all persons. Buswell on Lim., §§ 104, 106.

It runs against an insane person whether judicially determined such or not. *Ib.,* §§ 103, 106.

Statutes creating disabilities are strictly construed. *Ib.,* § 104.

As this court, in *Butler* v. *Craig,* 27 Miss., 628, affirming *Robinson* v. *Alford,* 13 Smed. & M., 509, said, it has long been the settled doctrine that no equitable exceptions are to be engrafted upon the statute of limitations, and that when there is no express exception the court cannot create one.

Conceding that the guardian could have appealed within three years, the statute confers no right on any one to appeal after the lapse of that time except the person himself who is under disability. I cannot see how the saving in the statute applies to any other person than the lunatic. This is not an appeal by him, but by one purporting to be his guardian and next friend.

2. But, if the appeal had been by the alleged lunatic in person, he would not have brought himself within the terms of the statute, unless the appeal was taken after the disability was removed. In *McLemore* v. *Railroad Co.,* 58 Miss.,

514, under the statute providing that decrees should be binding on infant defendants, unless, on being served with process, they should, within six months after attaining majority, show cause to the contrary, it was said that if the infant wishes to make a new defense, he must, in general, wait until he has attained majority; but that, if he wishes to impeach the decree on the ground of fraud, collusion or error, he may proceed at once by original bill. The court further said: "We dissent from the view that he who purchases under a decree for the sale of the real estate of an infant, where the statute makes a saving in his favor, is a purchaser *pendente lite*, and bound by any decree rendered in a subsequent controversy between the original parties. After the decree for sale or conveyance, the suit is no longer pending. The decree is final in form and in effect, but subject to the right of the infant, after he attains to the age of twenty-one years, to impeach it by a proceeding instituted by him for that purpose." The language here quoted is applicable to this case in its present attitude, as illustrative of the justice of compelling a person under disability to proceed formally, so that the rights of third persons may be protected. The evident purpose of the statute in providing that a person under disability shall have three years was to give such person a day in court when he would be capable of taking care of his own interest.

The plea presents a bar, and should be replied to.

Argued orally by *A. G. Paxton*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

A plea must be considered with reference to that which it professes to answer, in order to determine as to its sufficiency. This plea is in bar of the appeal from a decree in a cause in which the appellant was shown by the bill and subsequent proceedings to be *non compos mentis*. In view of this, the plea is not good, because it does not aver the removal since

of the disability existing when the decree was given, and the lapse of the requisite period to bar appeal after the removal of such disability and before the appeal. If an infant were to appeal from a decree, and the record did not show, in conjunction with lapse of time, of which the court would take notice, that the disability had been removed long enough before the appeal to bar it, it would devolve on the appellee, pleading in bar of the appeal, to aver the removal of the disability at such time as to show the appeal to be barred. And if a married woman appealed, and coverture was a disability, it would be necessary for the appellee pleading the bar of the appeal by time, where the record showed coverture to exist when the judgment was given and it did not appear to have ceased, to aver removal of the disability at such time as to bar the appeal.

True, who claims to be within the exception of a statute must bring himself within it, but the cases put do not contravene this rule. The state of case existing as shown by the record at the time of judgment or decree appealed from, is presumed to continue and still exist, unless the record and what is judicially taken notice of in connection with it show the contrary.

We cannot accept the view of counsel for the appellees, to the effect that a *non compos mentis* cannot appeal until the removal of his disability, and that an appeal by his guardian or next friend must be taken within the time prescribed to bar appeals by those not under disability. To hold that no appeal can be had until removal of disability, is to deny an appeal where there is never removal of the disability; and to hold that an appeal by guardian or next friend is not subject to the saving in favor of persons of unsound mind, is to assume that the appeal is that of the guardian or next friend, whereas it is the appeal of the person of unsound mind, and the guardian or next friend is not a party in interest, but appears for the protection of the interests of the

person whose interests are involved, because he is assumed to be incapable of suitably representing himself.

The adjudications of this court as to the rights of infants to show cause against a decree, and to appeal from it, throw light on the question here involved, and suggest its true solution. *Sledge* v. *Boone*, 57 Miss., 222; *Enochs* v. *Harrelson*, 57 *Ib.*, 465; *McLemore* v. *Chicago R. R. Co.*, 58 *Ib.*, 514; *Vaughn* v. *Hudson*, 59 *Ib.*, 421.

The suggestion that *McLemore* v. *Chicago Railroad Co.*, 58 Miss., 514, is opposed to the view now held, is unfounded. The several cases cited are in complete accord with each other, and conduct to the conclusion now announced.

*The demurrer to the plea is sustained, and leave given the appellee to answer over.*