## JACOB GUSDOFER *v.* STELLA GUNDY ET AL.

CONSENT DECREE. *Absence of fraud. Infant complainants bound.*

> In the absence of fraud or collusion, infants who were co-complainants with adults in a suit cannot maintain an original bill (not a bill of review) to vacate a decree in their favor, therein taken by consent of all parties, although the decree is erroneous and in consenting they mistook their legal rights. *Johns* v. *Harper,* 61 Miss., 142.

FROM the chancery court of Sharkey county.

HON. CLAUDE PINTARD, Chancellor.

Bill by Maria Mitchell, Amanda Davis, Pearly Harris, Stella Gundy and Sargent Gundy, the last two being minors, suing by next friend, against R. P. Gundy, N. L. Gundy and Jacob Gusdofer.

The bill alleges that complainants and defendants, with the exception of Jacob Gusdofer, are the children and sole heirs of Lloyd Gundy, who died in December, 1890, possessed of certain real and personal estate; that Lloyd Gundy in his lifetime, to secure a large indebtedness to said Gusdofer, had executed a deed of trust on his personal property, which, after the death of said Lloyd Gundy, was sold at trustee's sale and bid in by said Gusdofer; that, after crediting his bid on the indebtedness, there was still due $351.40, which has never been paid; that said Gusdofer resold said personal property to R. P. Gundy and N. L. Gundy, on a credit, and took from them a deed of trust on the same for $1,270.43, this amount being made up of the purchase price and other indebtedness due by said R. P. Gundy and N. L. Gundy to Gusdofer; that in said deed of trust

R. P. and N. L. Gundy also conveyed their undivided interest in the real estate of their father, Lloyd Gundy; that later, in February, 1892, said R. P. and N. L. Gundy executed to Gusdofer another deed of trust on the said real and personal property, to secure the balance still due by them; that they also executed to Gusdofer a deed of trust on all the crops to be grown by them during the year 1893; that said R. P. and N. L. Gundy had the use and occupancy of all the lands of the estate of Lloyd Gundy during the years 1891, 1892 and 1893, and received all the crops grown thereon, which they turned over to Gusdofer, who credited the proceeds on the account of R. P. and N. L. Gundy; that they never accounted to complainants for their portion of the rents and profits of the lands.

The bill further alleges that, after the death of Lloyd Gundy, and while R. P. and N. L. Gundy were in possession of the lands of the estate, a ginhouse thereon was burned, and Gusdofer collected $770.84, the insurance thereon, which he credited on the indebtedness of R. P. and N. L. Gundy, in disregard of the rights of complainants to receive their share thereof.

The bill further alleges that the lands of the estate were subject to a mortgage, executed by Lloyd Gundy in his lifetime, for $2,000, in favor of the American Freehold Mortgage Company, limited; that said Lloyd Gundy had paid a part of this indebtedness, and that the notes evidencing the balance due the mortgage company had been purchased by one Gibbon.

The bill also alleges that, in January, 1893, the trustee in the deed of trust from R. P. and N. L. Gundy to Gusdofer, was proceeding to sell the personal property therein conveyed, and their interest as heirs in the real estate of said Lloyd Gundy, when the complainants in this bill, not knowing the facts, but believing that the said personal property was the common property of all the heirs, and that the sale of the real estate included their interest as well as that of R. P. and N. L. Gundy, joined with them in a bill to enjoin the trustee

from making the sale, and to require said Gusdofer and Gibbon to account to complainants in respect to the transactions between Gusdofer and R. P. and N. L. Gundy, and between Gibbon and the said Lloyd Gundy, and for an accounting as to the true amount due to Gusdofer and to Gibbon; that an injunction was granted as prayed for; that defendants answered the bill, and moved to dissolve the injunction; but, afterwards, all the parties to that suit, including complainants in the present bill, consented to a decree fixing the amount due to Gibbon and to Gusdofer, and including damages on the injunction bond, and decreeing that the real estate be sold to satisfy the same.

Complainants in the present suit exhibit with their bill the consent decree above mentioned, and, while not objecting to the amount decreed to be due to Gibbon and to Gusdofer, aver that the latter ought not to have had a decree for payment out of the real estate, since the debt was not due by all the heirs, but by R. P. and N. L. Gundy alone; that Gusdofer ought to have been required to resort to the personal property and to the interest of said R. P. and N. L. Gundy in the real estate, to the exclusion of the interest of the present complainants.

The prayer of the bill is that R. P. and N. L. Gundy be decreed to pay complainants their portion of the rents and profits of the real estate for the years 1891, 1892 and 1893, and that the personal property of the estate, which had come into the possession of R. P. and N. L. Gundy in the manner above stated, be sold to satisfy the sum found to be due complainants; and that a personal decree be rendered in favor of complainants against R. P. and N. L. Gundy for whatever may remain due after sale of said personal property, and for complainants' share of the $770.84, insurance collected by Gusdofer and credited on the account of R. P. and N. L. Gundy.

Gusdofer demurred to the bill. The demurrer was sustained as to the adult complainants, and overruled as to the two minor complainants, and from this decree Gusdofer appeals.

*Dabney & McCabe*, for appellant.

It is settled law in this state that a decree rendered in an infant's favor on a bill filed in his name by a next friend cannot, in the absence of fraud, be reopened by the infant. *Johns* v. *Harper*, 61 Miss., 142. This is not a bill of review for error apparent upon the face of the record. The bill, answer and other pleadings are not made a part of the present bill, and there is nothing from which the court can adjudge that there was error upon the face of the record in the first cause. If this bill is anything, it is a bill ignoring the decree in the first cause and seeking to have the same matters adjudicated anew. It is without precedent, and also without equity.

*E. D. Dinkins* and *H. J. McLaurin*, for appellees.

Appellees were not precluded from obtaining another action after the consent decree against them. If they cannot be estopped by a deed duly acknowledged, how can the consent of an attorney employed by a next friend bind them? 13 S. E. Rep., 59; Daniel's Ch. Pr., § 1580.

Adults may maintain a bill of review for newly discovered matter even after the affirmance of the decree by the appellate court on their appeal. *A fortiori*, should infants enjoy the right secured by statute to have a rehearing of the case both in fact and law, in order to obtain that measure of justice which they failed to secure on the former hearing because of the neglect of others representing them to present their cause properly. *Vaughn* v. *Hudson*, 59 Miss., 421; *Norris* v. *Callahan*, *Ib.*, 140.

Infants cannot bind themselves. *McIlvoy* v. *Alsop*, 45 Miss., 365.

A decree against minors upon the pleadings, without proof of every material allegation prejudicial to their rights, is erroneous. 13 S. W. Rep., 1097; 24 N. E. Rep., 630; 21 Ill., 164; 3 Dana, 35; 8 Ohio, 377; 31 La. Ann., 389.

Appellees could not appeal, as the decree was by consent. Moreover, this bill is against original defendants, and also some

who were complainants with these minors, and whose acts in the first suit were to their prejudice.

WHITFIELD, J., delivered the opinion of the court.

This is not a bill of review. We have nothing in the former record before us except the decree. It does not seek to re-open the decree and vacate it entirely (the purchaser is not a party defendant), but only to set it aside so far as may be necessary to enable the complainants to obtain a personal decree against appellant for nine hundred and twenty-five dollars, being two-sevenths of the five hundred and twenty-five dollars paid appellant out of the proceeds of the realty, and of the amount received by him from the insurance on the ginhouse on said realty. The decree by consent was manifestly erroneous; but the question here is not one of error or no error. The complainants here were, jointly with the adult heirs, complainants in the bill resulting in said former decree—actors therein, affirmatively invoking the jurisdiction of the court. No fraud or collusion is alleged, and whilst it is alleged that these complainants thought the personalty was the property of themselves and their adult co-complainants, and thus mistook their legal rights, that bare statement is all that appears on that subject. From the terms of the decree, it seems that the personalty was taken from appellant.

We think the case is governed by *Johns* v. *Harper*, 61 Miss., 142. See, also, Ewell's Leading Cases on Infancy, etc., note, p. 236 and authorities, and Black on Judgments, vol. 1, §§ 197, 198. Without prejudice to such rights against the decree as the infants may have, the decree is

*Reversed, demurrer sustained and bill dismissed.*